## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JOHN SAUER,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, John Sauer, by and through undersigned counsel, and for his complaint against the Defendant, Midland Credit Management, Inc., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 et seq., and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district in that Plaintiff resides here, Defendant transacts business here and the conduct complained of occurred here.

### III.  PARTIES

4. John Sauer ("Plaintiff") is a natural person who resides in Newton, Kansas.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Midland Credit Management, Inc. ("MCM") is a foreign corporation engaged in the collection of debt within the State of Kansas.

7. MCM is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.   ALLEGATIONS

8. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15. U.S.C. § 1692a(5).

9. On or about January 6, 2020, Plaintiff retained counsel to assist in resolving several allegedly outstanding debts, including a debt serviced by MCM.

10. As a part of Plaintiff's representation, on or about January 22, 2020, Plaintiff's counsel sent a letter to MCM with notice that Plaintiff was represented by counsel.

11. On or about January 27, 2020, an employee of MCM received and signed for Plaintiff's counsel's notice of representation letter.

12. Notwithstanding Plaintiff's representation, MCM continued to contact Plaintiff directly including but not limited to telephone call he received on January 29, 2020.

13. These communications by MCM violated 15 U.S.C. § 1692c(a)(2), in that MCM contacted a consumer after receiving notice that the consumer was represented by an attorney.

### V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jahn Sauer, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from MCM and for Plaintiff;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from MCM and for Plaintiff;

c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from MCM and for Plaintiff;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

By: /s/ Andrew M. Esselman
Andrew M. Esselman #26113
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO  64064
Telephone:     816-246-7800
Facsimile:      855-523-6884
andrewe@creditlawcenter.com
**Attorney for Plaintiff**